# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FEDERICO HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>KIM HOLLAND,<br><br>    Respondent. | Case No. CV 14-9853-JLS (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY |

    On December 26, 2014, Jose Federico Hernandez ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") along with a "Motion for a Stay and Abeyance" ("Motion for Stay").[1] For the reasons discussed below, the Court dismisses the Petition without prejudice.

**RELEVANT PROCEDURAL HISTORY**

    Petitioner states in his Petition that he was convicted in Los Angeles County Superior Court of four counts of lewd conduct on a child under the age of 14 (Cal. Penal Code § 288(a)) with multiple victim enhancements (Cal. Penal Code §§ 667.61(a), (d) & (e)) and

---

[1] On January 5, 2015, the United States Magistrate Judge issued an order finding that the Petition was not signed or dated on page 8, instructing the Clerk to return the unsigned Petition to Petitioner, and directing Petitioner to sign and return the Petition to the Court within 30 days. On January 22, 2015, Petitioner submitted the signed Petition to the Court. (See Docket No. 1.)

1 three counts of lewd act on a 14 or 15 year-old child 10 years younger than Petitioner (Cal. Penal Code § 288(c)(1)). (Petition at 2; see id., Exhibit ("Exh.") A (California Court of Appeal Opinion).)[2] Petitioner indicates that the term of his sentence was 45 years to life. (Petition at 2; see id., Exh. A.)

Petitioner apparently appealed his conviction and/or sentence to the California Court of Appeal, which affirmed the judgment on February 26, 2013. (Petition at 2-3; see id., Exh. A.) Petitioner indicates that he attempted to file a petition for review in the California Supreme Court, which was rejected for lack of jurisdiction. (Petition at 3, 28.)

Petitioner states that he filed a state habeas petition in Los Angeles County Superior Court, which was denied on September 24, 2014. (Petition at 3-4.)

Petitioner also indicates that he filed a state habeas petition in the California Court of Appeal, which is apparently still pending. (Petition at 9.)

**DISCUSSION**

**I.     Duty to Screen**

This Court has a duty to screen habeas corpus petitions. Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Id.; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

**II.    Fully Unexhausted Petition**

As a matter of comity, a federal court will not grant habeas relief to a petitioner held in state custody unless he has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 518-22 (1982). "[T]he exhaustion doctrine is designed to give the state courts a

---

[2] For ease of reference, the Court labels and refers to the pages in the Petition and the attached exhibits in consecutive order, i.e., 1-93.

2

full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Exhaustion requires that the petitioner's contentions be presented to and disposed of on the merits by the highest court of the State. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); see also Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972).

A federal court may raise the exhaustion issue sua sponte and may dismiss a petition summarily on that ground. See Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993). A petition containing solely unexhausted claims is subject to immediate dismissal. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court obligated to dismiss petition containing no exhausted claims); see also Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust.").

None of the claims in the Petition have been presented to the California Supreme Court. (Petition at 5-8.) Thus, the Petition contains only unexhausted claims, and it must be dismissed without prejudice.[3]

---

[3] In light of the fact that the Petition is fully unexhausted, Petitioner's Motion for Stay is DENIED. The stay and abeyance procedures discussed in Rhines v. Weber, 544 U.S. 269, 276 (2005) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) apply only to mixed petitions containing both exhausted and unexhausted claims. See King v. Ryan, 564 F.3d 1133, 1138-40 (9th Cir.

**CERTIFICATE OF APPEALABILITY**

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478.

The Court is dismissing the Petition without prejudice because it contains only unexhausted claims. Since the Petition is clearly fully unexhausted, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478.

///
///
///
///

---

2009); Jackson v. Roe, 425 F.3d 654, 659-661 (9th Cir. 2005) ("Rhines applies to stays of mixed petitions"). They do not apply to fully unexhausted petitions. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to apply stay and abeyance procedures to fully unexhausted petitions).

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. This action is DISMISSED without prejudice to Petitioner filing a new petition after he has exhausted state remedies;

2. A Certificate of Appealability is DENIED.

DATED: April 28, 2015

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

5